# ORIGINAL

NAME Leopoldo C. Navarro

PRISON NUMBER K-65826



FILED
JUL 2 4 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

CURRENT ADDRESS OR PLACE OF CONFINEMENT
Ironwood State Prison
P.O. Box 2199

CITY, STATE, ZIP CODE
Blythe, California 92226

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOPOLDO C. NAVARRO, (FULL NAME OF PETITIONER) **PETITIONER** | Civil No **04cv2013 JAH (AJB)** (TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT) |
| v. | |
| GARY SANDOR, Warden, (NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS]) **RESPONDENT** and | PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM UNDER 28 U.S.C. § 2254 BY A PERSON IN STATE CUSTODY |
| EDMUND G. BROWN, JR., The Attorney General of the State of California, Additional Respondent. | |

1. Name and location of the court that entered the judgment of conviction under attack:
   Superior Court of California, County of San Bernardino
   351 North Arrowhead Avenue
   San Bernardino, CA 92415-0240
2. Date of judgment of conviction: September 9, 1997
3. Trial court case number of the judgment of conviction being challenged: FSB13608

4. Length of sentence: 15 years to life with the possibility of parole

CIV 68 (Rev. Jan. 2006)                                                                                              cv



5. Sentence start date and projected release date:
   **Start: February 12, 1997**
   **Projected release date: September 9, 2012**

6. Offense(s) for which you were convicted or pleaded guilty (all counts):
   **Count 1: second degree murder, Penal Code §187**

7. What was your plea? (CHECK ONE)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury ☐
   (b) Judge only ☐

9. Did you testify at the trial?
   ☐ Yes ☒ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☐ Yes ☒ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result:
    (b) Date of result (if known):
    (c) Case number and citation (if known):
    (d) Names of Judges participating in case (if known):

    (e) Grounds raised on direct appeal:

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result:
    (b) Date of result (if known):
    (c) Case number and citation (if known):

    (d) Grounds raised:

13. If you filed a petition for certiorari in the <u>United States Supreme Court</u>, please answer the following with respect to that petition:
    (a) Result:
    (b) Date of result (if known):
    (c) Case number and citation (if known):

    (d) Grounds raised:

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Superior Court</u>?
    ☒ Yes ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a) <u>California Superior Court</u> Case Number (if known): **SWHSS-4593**
    (b) Nature of proceeding: **Petition for Writ of Habeas Corpus**

    (c) Grounds raised: **Sentencing Credits**

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☒ No
    (e) Result: **DENIED**
    (f) Date of result (if known): **July 18, 2000**

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Court of Appeal</u>?
    ☒ Yes ☐ No

17. If your answer to #16 was "Yes," give the following information:
    (a) <u>California Court of Appeal</u> Case Number (if known): **E027875**
    (b) Nature of proceeding: **Petition for Writ of Habeas Corpus**
    (c) Names of Judges participating in case (if known)
        **Hollenhorst, Acting P.J.**
    (d) Grounds raised: **Sentencing Credits**

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☒ No
    (f) Result: **DENIED**
    (g) Date of result (if known): **September 13, 2000**

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Supreme Court</u>?
    ☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:
    (a) <u>California Supreme Court</u> Case Number (if known): **unknown**
    (b) Nature of proceeding: **Petition for Writ of Habeas Corpus**

    (c) Grounds raised: **Sentencing Credits**

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☒ No
    (e) Result: **DENIED**
    (f) Date of result (if known): **unknown**

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the <u>California Supreme Court</u>, containing the grounds raised in this federal Petition, explain briefly why you did not:




## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☐ Yes ☐ No        (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed?
        (i) What was the prior case number?
        (ii) Was the prior action (CHECK ONE):
            Denied on the merits?           ☐
            Dismissed for procedural reasons? ☐
        (iii) Date of decision:
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☐ No

---

### CAUTION:
- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.
- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.
- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR ISSUANCE OF AD TESTIFICANDUM

22.

(a) Facts of the Case:

1. A final telephonic Pretrial Conference was held on June 23, 2009, with Sylvie Snyder for Defendants and the Honorable Anthony J. Battaglia, United States Magistrate Judge.

2. During the Pretrial Conference, the Honorable Anthony J. Battaglia, United States Magistrate Judge, informed Plaintiff to file a Motion for Attendance of Incarcerated Witnesses, setting a motion due date of July 3, 2009, Oppositions by July 10, 2009, and a motion hearing date of July 29, 2009, at 9:00 a.m.

3. On Thursday, July 2, 2009, Plaintiff received a Order Following Pre-Trial Conference, dated June 24, 2009 by the Honorable Anthony J. Battaglia, United States Magistrate Judge.

4. The Order Following Pre-Trial Conference ordered Plaintiff to file a Motion for Writ of Habeas Corpus Ad Testificandum for the inmate witnesses identified in the Proposed Pre-Trial, on or before July 3, 2009. The Order also informed Plaintiff that the "motion shall also address each of the other witnesses requested by the Plaintiff."

5. On July 3, 2009, one day after Plaintiff received the Order Followig Pre-Trial Conference, the Law Library was closed and Plaintiff had "no" access to a Petition for Writ of Habeas Corpus form. The Law Library is closed on Saturday and Sunday.

6. On Monday July 6, 2009, Facility B, where Plaintiff is currently housed, was on lockdown since Sunday, July 5, 2009, and prison officials refused to allow Plaintiff access to the Law Library.

7. On Tuesday, July 7, 2009, Plaintiff reported to his assigned vocational class and was not able to attend the Law Library.

8. On Wednesday, July 8, 2009, Plaintiff was able to attend the Law Library to pick up a Petition for Writ of Habeas Corpus.

9. On July 14, 2009, Plaintiff was able to attend the Law Library to make copies and purchase envelopes.

(b) Witnesses:

1. Inmate Dennis Barroso, CDCR# P-54108, currently incarcerated under the jurisdiction of the California Department of Corrections and Rehabilitation.

On July 25, 2003, Plaintiff was falsely accused of being involved in an assault of Correctional Officer Adalberto Flores in the Facility C, Dining Hall at Centinela State Prison.

Plaintiff was then handcuffed by Correctional Sergeant G. Savala, who then ordered Correctional Officer Gomez to escort Plaintiff to the Facility C, Medical Clinic. Plaintiff was then placed in holding cage #4, located next to holding cage #3, in the last exam room of the clinic.

Holding cage #3, was occupied by Inmate Dennis Barroso, CDCR# P-54108, when Plaintiff arrived in the medical clinic.

Shortly after Plaintiff's arrival into the clinic, Correctional Officer V.J. Bach and several other officers entered the room, pulled Inmate Dennis Barroso out of the holding cage and began to verbally and physically assault him.

During this incident, Defendant V.J. Bach repeatedly threatened Plaintiff, saying, "You're next mother fucker."

Inmate Dennis Barroso was present during all the treats made to Plaintiff by Defendant V.J. Bach, and if called in to do so, he will testify to his observation of Defendant V.J. Bachs' actions, and he will testify to what he heard while in the same room while Plaintiff was threatened by Defendant V.J. Bach on July 25, 2003.

-5b-

Plaintiff has not had any contact with Inmate Dennis Barroso in order to obtain any declarations from him. The last time Plaintiff spoke with Inmate Dennis Barroso was in the Administrative Segregation Unit (C-6) at Centinela State Prison, during the months of September and October. It was during this time when Inmate Dennis Barroso verbally informed Plaintiff that he would testify in court if he was called in to do so.

Plaintiff does not know where Inmate Dennis Barroso, CDCR# P-54108, is currently housed, only that Inmate Barroso is under the jurisdiction of the California Department of Corrections and Rehabilitation.

2. Refugio Ochoa, Correctional Officer, Badge# 62246, Centinela State Prison, 2302 Brown Road, Imperial, California 92251, (760) 337-7900.

Correctional Officer R. Ochoa will testify regarding his involvement in the incident on July 25, 2003, and his observations.

Plaintiff will call Officer R. Ochoa to question him about his Crime/Incident Report, Part C-1-Supplement, CDC 837 C-1.

3. G.Z. Hernandez, Correctional Sergeant/Lieutenant, Badge# 42524, Calipatria State Prison, 7018 Blair Road, Calipatria, California, 92233, (760)348-7000.

Correctional Sergeant/Lieutenant G.Z. Hernandez will testify regarding his ovservation of the incident on July 25, 2003, and to his interview with Plaintiff.

Plaintiff will call Officer G.Z. Hernandez to question him about his interview with Plaintiff, his observations of Plaintiff and to question him about his Crime/Incident Report, Part C-1-Supplement, CDC 837 C-1, and Report of Findings-Inmate Interview, CDC 3014, and his videotape of Plaintiff.

4. L. Robinson, Correctional Officer, Badge# 63071, Centinela State Prison, 2302 Brown Road, Imperial, California, 92251, (760)337-7900.

Correctional Officer L. Robinson will testify regarding his or her involvement in the incident on July 25, 2003, and his or her observations.

Plaintiff will call Officer L. Robinson to question him/her about his/her Supplement to the Crime/Incident Report, CDC Form 837 and his/her involvement in the incident on July 25, 2003.

5. Debra I. Sidhu, Correctional Officer, Badge# 47591, Centinela State Prison, 2302 Brown Road, Imperial, California, 92251, (760)337-7900.

Correctional Officer D.I. Sidhu will testify regarding her involvement in the incident on July 25, 2003, and her observations.

Plaintiff will call Officer S.I. Didhu to question her about her involvement in the incident on July 25, 2003, and about her Crime/Incident Report, Part C-1-Supplement, CDC 837 C-1.

6. Ramon Munoz, Correctional Officer, Badge# 60594, Centinela State Prison, 2302 Brown Road, Imperial, California, 92251, (760)337-7900.

Correctional Officer R. Munoz will testify regarding his involvement in the incident on July 25, 2003, and his observations.

Plaintiff will call Officer R. Munoz to question him about his involvement in the incident on July 25, 2003, and about his Supplement to the Crime/Incident Report, CDC Form 837.

7. Chavez, Correctional Officer, Centinela State Prison, 2302 Brown Rd., Imperial, California, 92251, (760)337-7900.

Correctional Officer Chavez will testify regarding his involvement in the incident on July 25, 2003, and his observations.

Plaintiff will call Officer Chavez to question him about his involvement in the incident on July 25, 2003.

8. Adalberto Flores, Correctional Officer, Badge# 57773, Centinela State Prison, 2302 Brown Road, Imperial, California, (760)337-7900.

///

Correctional Officer A. Flores will testify regarding his involvement in the incident on July 25, 2003, and his observations.

Plaintiff will call Officer A. Flores to question him about his involvement in the incident on July 25, 2003, and about his Medical Report of Injury or Unusual Occurrence.

WHEREFORE: Plaintiff prays that this court grants his petition for writ of habeas corpus and orders Defendants to provide Inmate Dennis Barroso, CDCR# P-54108, for court appearances, and that all other witnesses are ordered to appear for court appearances and trial.

Dated: July 8, 2009

Respectfully submitted,

*Leopoldo C. Navarro*

Leopoldo C. Navarro, CDCR# K-65826
Plaintiff, In Pro Per.

23. Do you have any petition or appeal now pending in any court, either state or federal, pertaining to the judgment under attack?
☒ Yes ☐ No

24. If your answer to #23 is "Yes," give the following information:
    (a) Name of Court: United States District Court, Southern District of California.
    (b) Case Number: 04cv2013 JAH (AJB)
    (c) Date action filed: October 6, 2004
    (d) Nature of proceeding: Civil Suit

    (e) Name(s) of judges (if known): Anthony J. Battaglia, United States Magistrate Judge
    (f) Grounds raised:

    Eigtht Amendment, Use of Excessive Force and
    Eighth Amendment, Failure to Protect.

    (g) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☒ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing ........ n/a

    (b) At arraignment and plea ....... n/a

    (c) At trial .................... n/a

    (d) At sentencing .............. n/a

    (e) On appeal ................. n/a

    (f) In any post-conviction proceeding . none

    (g) On appeal from any adverse ruling in a post-conviction proceeding: none

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
   ☐ Yes ☒ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
   ☐ Yes ☒ No

   (a) If so, give name and location of court that imposed sentence to be served in the future:

   (b) Give date and length of the future sentence:

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
      ☐ Yes ☐ No

28. Consent to Magistrate Judge Jurisdiction

   In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to procced before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

   The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

   You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

   Choose only one of the following:

   ☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

   OR

   ☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court:
    July 14, 2009.

CIV 68 (Rev. Jan. 2006)  −7−  cv

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__July 8, 2009__        _____/s/ Reynaldo C. Navarro_____
(DATE)                              SIGNATURE OF PETITIONER

(a) Facts of the case, continued:

10. On Thursday, July 9, 2009, Plaintiff was unable to attend the Law Library, because the law library was closed.

11. On Friday, July 10, 2009, Plaintiff had no access to the courts because the law library was closed. The Library is closed on Saturday and Sunday.

12. On Monday, July 13, 2009, Plaintiff had no access to the courts because the Law Library was closed.