1  EDMUND G. BROWN JR.
   Attorney General of California
2  MICHELLE DES JARDINS
   Supervising Deputy Attorney General
3  SYLVIE P. SNYDER
   Deputy Attorney General
4  State Bar No. 171187
     110 West A Street, Suite 1100
5    San Diego, CA 92101
     P.O. Box 85266
6    San Diego, CA 92186-5266
     Telephone: (619) 645-2299
7    Fax: (619) 645-2581
     E-mail: Sylvie.Snyder@doj.ca.gov
8  *Attorneys for Defendants*
   *S. LaCombe and V. Bach*
9

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13

| | |
|---|---|
| 14  LEOPOLDO C. NAVARRO, | 04CV2013-AJB |
| 15                          Plaintiff, | **DEFENDANTS' SUPPLEMENTAL OPPOSITION TO PLAINTIFF CALLING** |
| 16            v. | **CORRECTIONAL OFFICERS TO TRIAL** |
| 17  VERNON J. BACH, et al., | |
| 18                          Defendants. | Date:        July 29. 2009<br>Time:        9:00 a.m.<br>Courtroom:  A |
| 19 | Judge        The Honorable Anthony J. Battaglia |
| 20 | Trial Date   August 4, 2009<br>Action Filed:  10/6/2004 |
| 21 | |

22      Defendants received Plaintiff's Petition for Writ of Habeas Corpus Ad Testificandum

23  regarding inmate Barroso on Friday, July 24. 2009.  (Doc. No. 111.)  The portion relating to

24  calling witness inmate Barroso is a duplicate of Plaintiff's Motion for Attendance of Incarcerated

25  Witness (Doc. No. 96), to which Defendants previously responded (Doc. No. 98).  In his first

26  Motion for Attendance of Incarcerated Witness, Plaintiff did not include information regarding

27  other witnesses.  Plaintiff had been ordered by the Court to include this information, and file the

28  papers by July 3, 2009.  (See Order Following Pre-Trial Conference p. 1 [Doc. No. 92.] wherein

                                                         1

1  the Court orders Plaintiff to also address each of the other witnesses requested by Plaintiff by

2  setting forth:  1) what each witness will testify to; 2) how the Plaintiff knows the witness will

3  testify as such; and 3) why the testimony is both necessary and relevant.)  Defendants filed an

4  Opposition to Plaintiff Calling Correctional Officers to Trial because Plaintiff did not follow the

5  Court's order.  (Doc. No. 97.)

6      In the instant late-filed motion, Plaintiff purports to include information regarding the

7  correctional officers he would like to call.  Plaintiff fails to set forth what each witness will testify

8  to or why the testimony is both necessary and relevant.

9      As to Officer Ochoa, Plaintiff states he "will testify regarding his involvement in the

10  incident on July 25, 2003, and his observations" and that he will be questioned about his

11  Crime/Incident Report.  Plaintiff essentially repeats these very general descriptions for Officers

12  Robinson, Sidhu, Munz, and Chavez.  While these Correctional Officers were present for the

13  incident involving inmates Olvera, Barroso, and Zavala (the inmates who assaulted, or attempted

14  to assault, Officer Flores in the dining hall), they are not alleged to have been present at the

15  incident which is relevant to this lawsuit—i.e. the alleged incident involving Plaintiff in the

16  medical clinic.  They are also not alleged to have been involved in accusing Plaintiff of inciting

17  the three inmates to keep assaulting Officer Flores.  (Officer Camarillo advised Sergeant Savala

18  that he heard Plaintiff yell, "You deserve it Flores," or words to that effect.)  Plaintiff has not

19  specified their testimony or shown how their testimony is necessary and relevant.

20      As to Officer Flores, Plaintiff states he will "question him about his involvement in the

21  incident on July 25, 2003, and about his Medical Report of Injury or Unusual Occurrence."  As

22  with the others, Officer Flores is not alleged to have been present at the incident in the medical

23  clinic or to have been involved in accusing Plaintiff of inciting.  The injuries received by Flores

24  from his beating by inmates Olvera and Barroso is not relevant to Plaintiff's claim.  Plaintiff has

25  not specified his testimony or shown how his testimony is necessary and relevant.

26      As to Sergeant Hernandez, Plaintiff states he will testify regarding his observation of the

27  incident on July 25, 2003, his interview with Plaintiff, and his observation of Plaintiff.  (After

28  Plaintiff accused Defendant Bach of assaulting him, Officer Hernandez conducted a videotaped

2

1   interview of Plaintiff.)  As with the others, Sergeant Flores is not alleged to have been present at

2   the incident in the medical clinic or to have been involved in accusing Plaintiff of inciting.

3   Sergeant Hernandez would not be able to testify regarding statements Plaintiff made at his

4   videotaped interview because this would be hearsay.  As to Hernandez's observations of Plaintiff

5   at the videotaped interview, both Plaintiff and Defendants list the videotape without sound as an

6   exhibit.  Additionally, Defendants intend to call Officer Gomez, the officer who took the

7   videotape, to authenticate the videotape and to testify regarding his observations of Plaintiff.

8   Defendants also intend to call the medical technician who examined Plaintiff and the

9   photographer who took pictures of Plaintiff regarding their observations of Plaintiff.  Thus,

10   Sergeant Hernandez's testimony would be cumulative.

11        Sergeant Hernandez is no longer working at Centinela State Prison.  He is now at Calipatria

12   State Prison, and has not been contacted regarding the lawsuit.  It is unknown whether he would

13   be available for trial.  If Plaintiff wanted Sergeant Hernandez to attend trial, he should have

14   followed the Court's order and submitted this information by July 3, 2009, so that this issue could

15   have been resolved earlier, and arrangements to attend trial could have been made without

16   significant disruption to prison operations.  If the Court entertains allowing Sergeant Hernandez

17   to testify, Sergeant Hernandez should not be compelled to attend trial if it is inconvenient to his

18   schedule, or causes disruption to the prison's operations (e.g. if Hernandez will be on vacation, or

19

20

21

22

23

24

25

26

27

28

Defs.' Supp. Opp'n to Pl. Calling Correctional Officers to Trial                    (04CV2013-AJB)

1  if the prison will need to incur expenses which would have been avoided had Plaintiff followed

2  the Court's order).

3

4  Dated: July 27, 2009                                    Respectfully submitted,

5                                                          EDMUND G. BROWN JR.
                                                           Attorney General of California
                                                           MICHELLE DES JARDINS
6                                                          Supervising Deputy Attorney General

7

8                                                          */s/Sylvie P. Snyder*
                                                           SYLVIE P. SNYDER
9                                                          Deputy Attorney General
                                                           *Attorneys for Defendants*
10                                                         *Shannon LaCombe and Vernon Bach*

11  SD2005700185
    80383795.doc
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF PERSONAL SERVICE

Case Name:    **Leopoldo Navarro v. Vernon Bach, et al.**

Case No.:    **04CV2013-AJB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 110 West A Street, Suite 1100, San Diego, CA 92101.

Due to the inmate being transported, I will personally serve the attached **DEFENDANTS' SUPPLEMENTAL OPPOSITION TO PLANTIFF CALLING CORRECTIONAL OFFICERS TO TRIAL** on <u>July 29, 2009</u>, by delivering a true copy thereof to the following person(s) at the address(es) as follow:

Leopoldo C. Navarro, CDC# K-65826
R. J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 27, 2009, at Sacramento, California.

Sylvie P. Snyder

Declarant

Signature

SD2005700755
10472419.doc