cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| LEOPOLDO C. NAVARRO, | ) | Civil No. 04cv2013 AJB |
|---|---|---|
| Plaintiff, | ) | Order Denying Motion for Writ |
| v. | ) | of Habeas Corpus Ad Testificandum |
| | ) | and Motion for Attendance of |
| VERNON J. BACH, et al., | ) | Incarcerated Witness |
| | ) | [Doc. Nos. 96 and 111] |
| Defendants. | ) | |
| | ) | |

      The Plaintiff filed two motions regarding witnesses that he wished to call to testify at the trial of this section 1983 action. The Defendants filed objections to both motions.  A hearing on the motions was held in Courtroom A before Judge Battaglia on July 29, 2009 at 9:00 a.m. The Plaintiff appeared pro per and Sylvie Snyder and John Walters appeared on behalf of the Defendants.  Inmate Barroso appeared telephonically. Based upon the moving papers, the arguments and testimony received during the hearing and for the reasons set forth below, Plaintiff's motions are hereby DENIED.

### ***Discussion***

      In the Plaintiff's Motion for Attendance of Incarcerated Witness [Doc. No. 96], the Plaintiff requests that the Court writ an inmate witness, Dennis Barroso, CDCR# K-65826, to testify at the Plaintiff's trial.  In his moving papers, the Plaintiff alleges that on July 25, 2003, inmate Barroso was placed in the holding cell next to the Plaintiff and witnessed Defendant Bach threaten him.

During the hearing, the Court questioned inmate Barroso about the July 25, 2003 incident, inquiring as to what, if anything, inmate Barroso witnessed, and whether inmate Barroso would be willing to testify at the Plaintiff's trial if called to do so by this Court.  Inmate Barroso stated that he wanted to speak to counsel before testifying and would not tell the Court what, if anything, he witnessed.  The Court instructed inmate Barroso that he was not entitled to an attorney as a potential witness in a civil case.  Inmate Barroso thereafter indicated that he was unwilling to testify without first speaking to an attorney.  Given the uncertain nature of inmate Barroso's testimony and his unwillingness to testify, the Court cannot ascertain what, if any, relevant information inmate Barosso may have with regard to the Plaintiff's case.  As such, the Plaintiff's motion for attendance of incarcerated witness Dennis Barroso is hereby DENIED.

In the Plaintiff's Motion for Writ of Habeas Corpus Ad Testificandum [Doc. No. 111], the Plaintiff seeks to call seven additional witnesses, Correctional Officers Ochoa, Hernandez, Robinson, Sidhu, Munoz, Chavez and Flores, that were working at the time of the alleged incident on July 25, 2003.

The Defendants object to the Plaintiff calling Correctional Officers Robinson, Sidhu, Munoz, Chavez and Flores, as these officers were not present and did not witness the alleged incident between the Plaintiff and the two remaining Defendants' in the medical clinic. Since the relevant facts surrounding the earlier incident in the cafeteria have been admitted by the parties and these witnesses were not present during the alleged incident that occurred between the Defendants and the Plaintiff in the medical clinic, the Defendants objections to these witnesses were sustained by the Court during the hearing and the Plaintiff's motion as to these witnesses is therefore DENIED.

With regard to Officer Ochoa, the Plaintiff argues that his testimony is relevant because he previously worked as a medical technical assistant and observed the Plaintiff's injuries after the alleged incident.  However, the Court notes that this was the Plaintiff's recollection and belief, and was not based upon anything that was actually communicated to the Plaintiff by Officer Ochoa.  For this reason, the Court finds that the Plaintiff has failed to demonstrate that Officer Ochoa's testimony is necessary or relevant, particularly in light of photographs taken of plaintiff after the alleged events, and the fact that MTA Leal will testify about the medical examination of the Plaintiff that occurred after the alleged

04cv2013

1  incident with Defendants' in the medical clinic.  The Defendants objections to this witness were

2  sustained by the Court during the hearing and the Plaintiff's motion as to this witness is therefore

3  DENIED.

4        The remaining witness and testimony sought in the Plaintiff's motion was from Officer

5  Hernandez.  The Plaintiff argued that Officer Hernandez's testimony was necessary and relevant

6  because he conducted a video interview of the Plaintiff after the alleged incident. At the hearing, the

7  Defendants informed the Court that they no longer intended to show the video interview of the Plaintiff

8  or to call Officer Gomez who shot the video of the interview, because the video was of poor quality and

9  Officer Gomez worked the night shift and to have him appear at trial would be burdensome.  The

10 Plaintiff agreed that the video quality was poor and therefore only marginally necessary or relevant.

11 Since other evidence of the Plaintiff's alleged injuries is available and will be introduced at trial,

12 specifically the testimony of the medical technical assistant that examined the Plaintiff and the photos of

13 the Plaintiff that were taken after the alleged incident, the Court finds that Officer Hernandez's

14 testimony is unnecessary and cumulative.  The Defendants objections to this witness were sustained by

15 the Court during the hearing and the Plaintiff's motion as to this witness is therefore DENIED.

16       IT IS SO ORDERED.

17

18 DATED:  July 31, 2009

19 

20 Hon. Anthony J. Battaglia
   U.S. Magistrate Judge
   United States District Court

21

22

23

24

25

26

27

28